```
                 IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

DEBRA LYNN TEJADA; and          )   CIVIL NO. 10-00136 SOM/KSC
ALEJANDRO MICHAEL TEJADA,       )
                                )
               Plaintiffs,      )   ORDER GRANTING PARTIAL
                                )   SUMMARY JUDGMENT AGAINST THE
          vs.                   )   TEJADAS; ORDER STAYING
                                )   REMAINDER OF ACTION PENDING
DEUTSCHE BANK NATIONAL TRUST    )   THE STATE APPELLATE COURT
COMPANY, AS TRUSTEE FOR HASCO   )   DECISION CONCERNING THE
2007-NC1; MORTGAGE ELECTRONIC   )   STATE-COURT JUDICIAL
REGISTRATION SYSTEMS, INC, as   )   FORECLOSURE PROCEEDINGS
nominee for Amber Financial     )
Group, LLC; and AMBER           )
FINANCIAL GROUP, LLC,           )
                                )
               Defendants.      )
_____ )
```

ORDER GRANTING PARTIAL SUMMARY JUDGMENT AGAINST THE TEJADAS;
ORDER STAYING REMAINDER OF ACTION PENDING
THE STATE APPELLATE COURT DECISION CONCERNING
<u>THE STATE-COURT JUDICIAL FORECLOSURE PROCEEDINGS</u>

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND.</u>

This case arises out of a December 2006 loan by Amber Financial Group, LLC, to Debra Lynn and Alejandro Michael Tejada. In the mortgage instrument filed in the State of Hawaii Bureau of Conveyances as Document Number 2006-237093, Amber Financial designated Mortgage Electronic Registration Systems, Inc. ("MERS"), as its nominee. <u>See</u> ECF No. 25-2. In April 2008, MERS, in its capacity as Amber Financial's nominee, assigned the mortgage to Deutsche Bank National Trust Company, as Trustee for HASCO 2007-NC1. <u>See</u> ECF No. 25-3.

Deutsche Bank says that the Tejadas defaulted on their loan. The court takes judicial notice of Deutsche Bank's filing of a judicial foreclosure action in state court on February 20, 2009. See Civil No. 09-1-0055, filed in the Circuit Court of the Third Circuit, State of Hawaii. The court takes judicial notice of the state court's entry of default against the Tejadas on May 13, 2009. Id. The court also takes judicial notice of Deutsche Bank's filing of a motion for summary judgment and decree of foreclosure on October 12, 2009. Id. Finally, the court takes judicial notice of the Tejadas' filing of their opposition to the motion for summary judgment and a motion to set aside entry of default on February 8 and 17, 2010, respectively. Id.

On March 10, 2010, rather than attempting to file a counterclaim in the state-court proceeding, the Tejadas filed the present action with this court. In this action, the Tejadas challenge Deutsche Bank's right to enforce the mortgage instrument at issue in the state-court proceeding and seek damages for alleged violations of state and federal law concerning the closing of their loan. The Tejadas also ask this court to enjoin Deutsche Bank from foreclosing on their property in state court. See Complaint, Civ. No. 10-00136 SOM/ KSC, March 10, 2010.

The court takes judicial notice of the state court's denial of the motion to set aside entry of default on April 13,

2010.  See Civil No. 09-1-0055.  On July 6, 2010, the state court filed its Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure.  See ECF No. 25-4.  The court takes judicial notice of the Tejadas' appeal filed on August 4 and September 15, 2010.  See Civil No. 09-1-0055.  The state appellate courts have not decided that appeal.  See id.

The Tejadas concede that summary judgment against them is appropriate on many of their claims, and summary judgment is granted against them on those claims.  With respect to the remaining claims, Deutsche Bank argues that the claims are barred by the res judicata and Rooker-Feldman doctrines.  Because the Tejadas have appealed the state-court order granting Deutsche Bank summary judgment and a decree of foreclosure, rather than applying either of those doctrines, the court terminates the remainder of the motion and exercises its inherent power to stay the remainder of this case until the state-court appellate proceedings are decided.  The court determines this matter without a hearing pursuant to Local Rule 7.2(d).

II.     ANALYSIS.

   A.   The Tejadas Concede That Summary Judgment Should Be Granted on Many of Their Claims.

In their Opposition, the Tejadas concede that summary judgment should be granted in favor of Defendants on many of their claims.  They concede that summary judgment should be

3

granted in favor of all Defendants on Counts 2, 3, 4, and 6. The Tejadas also concede that summary judgment should be granted in favor of Deutsche Bank on Counts 9, 10, and the portion of Count 8 that seeks a declaratory judgment based on fraud (but not the declaratory judgment request in Count 8 based on chapter 480 of the Hawaii Revised Statutes). Because those claims are not viable, summary judgment is granted against the Tejadas on them. This leaves for further adjudication:

Count 1: Truth in Lending Act claim against Deutsche Bank, MERS, and Amber Financial Group;

Count 5: state law Unfair and Deceptive Acts and Practices claim against Deutsche Bank, MERS, and Amber Financial Group;

Count 7: state law breach of implied covenant of good faith and fair dealing claim against Deutsche Bank, MERS, and Amber Financial Group;

Count 8: Declaratory Judgment Act claim based on violation of chapter 480 of the Hawaii Revised Statutes against Deutsche Bank, MERS, and Amber Financial Group;

Count 9: equitable estoppel claim against MERS and Amber Financial Group, but not Deutsche Bank;

Count 10: intentional infliction of emotional distress claim against MERS and Amber Financial Group, but not Deutsche Bank; and

Count 11: punitive damage claim against Deutsche Bank, MERS, and Amber Financial Group.

B.  The Remainder of this Action is Stayed.

Because summary judgment has been granted in Deutsche Bank's favor in the state-court judicial foreclosure proceeding, Deutsche Bank argues that the res judicata and Rooker-Feldman doctrines bar the remaining claims in this case.

Generally speaking, res judicata prohibits a party from relitigating a previously adjudicated cause of action. Dorrance v. Lee, 90 Haw. 143, 148, 976 P.2d 904, 909 (1999). The preclusive effect in this court of a Hawaii state-court decision is determined by Hawaii law. Pedrina v. Chun, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered."); In re Russell, 76 F.3d 242, 244 (9th Cir. 1995) ("Because the underlying judgment was rendered in state court, we must apply California's res judicata and collateral estoppel principles.").

Under Hawaii law, the doctrine of res judicata applies when: 1) the claim or cause of action asserted in the present action was or could have been asserted in the prior action, 2) the parties in the present action are identical to, or in privity with, the parties in the prior action, and 3) a final

judgment on the merits was rendered in the prior action.  See
Smallwood v. City & County of Honolulu, 118 Haw. 139, 146, 185
P.3d 887, 895 (2008); Morneau v. Stark Enters., Ltd., 56 Haw.
420, 422-23, 539 P.2d 472, 474-75 (1975) (the "judgment of a
court of competent jurisdiction is a bar to a new action in any
court between the same parties or their privies concerning the
same subject matter, and precludes the relitigation, not only of
the issues which were actually litigated in the first action, but
also of all grounds of claim and defense which might have been
properly litigated in the first action but were not litigated or
decided."); accord Pedrina, 97 F.3d at 1301 (citing Santos v.
State of Hawaii, 64 Haw. 648, 646 P.2d 962, 966 (1982)).

Res judicata prevents a multiplicity of suits, averts
inconsistent results, and provides a limit to litigation by
promoting finality and judicial economy.  Bremer v. Weeks, 104
Haw. 43, 53, 85 P.3d 150, 160 (2004); Dorrance, 90 Haw. at 148-
49, 976 P.2d at 909-10.  Res judicata serves to relieve parties
of the cost and vexation of multiple lawsuits, conserves judicial
resources, and, by preventing inconsistent decisions, encourages
reliance on adjudications.  It therefore furthers the interests
of litigants, the judicial system, and society by bringing an end
to litigation when matters have already been decided on the
merits.  See Kauhane v. Acutron Co., 71 Haw. 458, 463, 795 P.2d
276, 278-79 (1990).  The doctrine permits every litigant to have

an opportunity to try its case on the merits, but it limits the litigant to one such opportunity. Id..

As the party asserting res judicata, Deutsche Bank bears the burden of proving its applicability. See Smallwood, 118 Haw. at 147, 185 P.3d at 896. With respect to the first prong of the res judicata test, there is no question that the claims asserted in this action were or could have been asserted in the prior state-court action. The remaining claims against Deutsche Bank are premised on Deutsche Bank's alleged lack of a right to enforce the mortgage that was foreclosed on in state court, or Deutsche Bank's allegedly improper actions taken in connection with the closing of the underlying loan to the Tejadas. On page 16 of the Opposition, the Tejadas go so far as to note that, if allowed to file an answer in the underlying case, they may be allowed to file a counterclaim that makes it appropriate to dismiss this case. See ECF No. 28. This indicates that the remaining claims in this case could have been raised in the state-court judicial foreclosure proceeding.

With respect to the second prong of the res judicata test, there is no question that Deutsche Bank and the Tejadas are parties in both the state-court judicial foreclosure proceeding and in this case.

That leaves the res judicata requirement that Deutsche Bank demonstrate that a final judgment on the merits has been

7

rendered in the state-court action.  See Dorrance, 90 Haw. at 149, 976 P.2d at 910; Morneau, 56 Haw. at 422-23, 539 P.2d at 474-75.  The Hawaii Supreme Court has noted that a default judgment satisfies this "final judgment" requirement so long as it is not void.  See Matsushima v. Rego, 67 Haw. 556, 559 696 P.2d 843, 845 (1985); see also Napala v. Valley Isle Loan LLC, 2010 WL 4642025, *8 (D. Haw. Nov. 1, 2010) (noting that Hawaii courts have given preclusive effect to a default judgment). Summary judgments also satisfy the "final judgment on the merits" requirement for res judicata purposes.  See Brown v. Progressive Direct Ins. Co., 2010 WL 1806031, *6 (Haw. App. May 5, 2010) (citing a Nebraska case for the proposition that "[s]ummary judgments, judgments on directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata." (unpublished disposition[1])).

However, the entry of summary judgment against the Tejadas in the state court proceeding, by itself, is insufficient to satisfy the "final judgment" requirement.  Under Hawaii law, a "judgment is final where the time to appeal has expired without appeal being taken."  Glover, Ltd. v. Fong, 42 Haw. 560, 574

---

[1]Pursuant to Rule 35(c)(2) of the Hawaii Rules of Appellate Procedure, unpublished dispositions after July 1, 2008, "may be cited in any proceeding," but have only "persuasive value" and are not precedent.

8

(1958).[2] "It follows from Glover that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata." Littleton v. State, 6 Haw. App. 70, 75, 708 P.2d 829, 833, aff'd 68 Haw. 220, 708 P.2d 824 (1985). Instead, when an appeal is taken, judgment becomes final under Hawaii law when the appeal is decided. See Kauhane, 71 Haw. at 465, 795 P.2d at 279 ("Plaintiff, however, withdrew his appeal and thereby foreclosed review by this court. Once that appeal was withdrawn, the circuit court's judgment became final for res judicata purposes"); Glover, 42 Haw. at 574 ("A judgment is final where the time to appeal has expired without appeal being taken."). Because an appeal has been taken from the state-trial court's determination that Deutsche Bank is entitled to foreclose on the loan to the Tejadas, that decision is not yet a final judgment on the merits for purposes of res judicata.

When an appeal has been taken, the Hawaii Supreme Court has noted that it is proper to stay a subsequent suit regarding the subject matter of the first suit pending that appeal. See generally Solarana v. Indus. Elecs., Inc., 50 Haw. 22, 30, 428 P.2d 411, 417 (1967). The court exercises its inherent power to

---

[2]The court is unpersuaded by Deutsche Bank's citation of Wong v. Cayetano, 111 Haw. 462, 478, 143 P.3d 1, 44 (2006), for the proposition that an appeal has no bearing on the finality of a state-court judgment. Wong involved a state court's interpretation of when a judgment becomes final under federal law, not Hawaii law. It is therefore inapposite.

9

stay this action pending the disposition of the state-court appellate proceedings.  See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.").

Staying this action is appropriate under the circumstances presented here.  This court has no reason to think that the Hawaii appellate courts will take an unreasonable amount of time to decide the Tejadas' appeal.  To the contrary, the court expects that the stay in this case will be of a fairly short duration.  See Dependable Highway Express, Inc. v. Nagigators Ins. Co., 489 F.3d 1059, 1067 (9th Cir. 2007) (noting that stays should not be indefinite and that they should not be granted unless is appears that the other proceedings will be concluded within a reasonable time).  Staying the present action is appropriate because the final Hawaii appellate court decision will likely end the litigation in this case.  If, for example, Hawaii's appellate courts affirm the summary judgment in favor of Deutsche Bank, the Tejadas will not be allowed to relitigate any

10

claim relating to Deutsche Bank's alleged lack of a right to foreclose on the loan or any claim that could have been brought in the state-court action. On the other hand, if Hawaii's appellate courts reverse the state-trial court, vacate the entry of default, and allow the Tejadas to answer the state-court complaint and file a counterclaim in the state-court action, the Tejadas may well dismiss this case as duplicative. See Opposition at 15-16, ECF No. 28, July 5, 2011. The Tejadas themselves have asked this court to stay the present motion pending the appellate ruling. Id. It flows from that request that the Tejadas will likely have no objection to staying this action pending the appellate ruling in the state-court case.

Because the court is staying this action sua sponte, the court delays the effective date of the stay until August 15, 2011, to allow the parties time to ask the court to reconsider the stay. If any party can identify any damage (other than the delay itself) arising from the stay of this action, or any other reason not to stay this case, the party may file a motion for reconsideration of the stay, which will be decided on an expedited basis. Any motion seeking reconsideration of the stay shall be filed no later than August 4, 2011.

Staying this action is also consistent with the Rooker-Feldman doctrine, which generally prevents this court from exercising appellate jurisdiction over state-court decisions.

11

D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine states that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). If the court stays this action, allowing Hawaii's appellate courts to decide any appeal of the state-trial court's decision, this court cannot be said to be acting as an appellate court over the state-court decision.

III.   CONCLUSION.

For the foregoing reasons, the court grants summary judgment in favor of all Defendants on Counts 2, 3, 4, and 6, and in favor of Deutsche Bank on Counts 9, 10, and the portion of Count 8 seeking relief under the Declaratory Judgment Act based on fraud (but not the Declaratory Judgment Act claim in Count 8 based on chapter 480 of the Hawaii Revised Statutes). Effective August 15, 2011, the remainder of this case is stayed until the state appeal is decided.

The parties are ordered to provide the court with status reports concerning the pending state appeal. These reports may be submitted via letters and should be submitted on a

quarterly basis beginning September 15, 2011. Supplemental status reports should be submitted via letters within seven (7) days of any change in the status of the appellate proceedings, including (a) any decision issued by the Intermediate Court of Appeals, (b) any filing seeking review by the Hawaii Supreme Court of the decision by the Intermediate Court of Appeals, (c) the granting or denying of certiorari by the Hawaii Supreme Court, and (d) any decision by the Hawaii Supreme Court.

Given the stay, the court terminates the remainder of Deutsche Bank's motion for summary judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 27, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tejada v. Deutsche Bank, et al., Civil No. 10-00136 SOM/KSC; ORDER GRANTING PARTIAL SUMMARY JUDGMENT AGAINST THE TEJADAS; ORDER STAYING REMAINDER OF ACTION PENDING THE STATE APPELLATE COURT DECISION CONCERNING THE STATE-COURT JUDICIAL FORECLOSURE PROCEEDINGS